UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 18-CV-22937-COOKE/GOODMAN

LUISA CARIDAD GARCIA,

      Plaintiff,

v.

ANDREW M. SAUL[1],
Commissioner of Social Security,

      Defendant.

_____/

REPORT AND RECOMMENDATIONS
ON PLANTIFF'S UNOPPOSED MOTION FOR ATTORNEY'S FEES

Plaintiff Luisa Caridad Garcia filed a Petition for Attorney's Fees [ECF No. 23], which was referred to the Undersigned by United States District Court Judge Marcia G. Cooke. [ECF No. 2]. Plaintiff seeks $7,348.57 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The record indicates that the Government does not oppose the request for fees.

Upon review of the petition and the record, the Undersigned finds that the requested fees are reasonable. Accordingly, the Undersigned **respectfully recommends**

---

[1]     Andrew M. Saul became Commissioner of Social Security on June 17, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M. Saul is substituted for Acting Commissioner Nancy A. Berryhill as the Defendant in this suit.

1

that the District Court **grant** Plaintiff's petition and award Plaintiff **$7,348.57** in attorney's fees, contingent upon a determination by the Government that Plaintiff owes no qualifying, preexisting debt(s) to the Government, for which sum let execution issue.

## I.    BACKGROUND

Plaintiff initiated this action seeking relief from an unfavorable decision by Administrative Law Judge Robert Baker Jr. on her claim for Disability Insurance Benefits and Supplemental Security Income Benefits on July 20, 2018. [ECF No. 1]. The District Court granted summary judgment for the Plaintiff, reversed the Commissioner's determination, and remanded the case under 42 U.S.C. § 405(g), Sentence Four. [ECF No. 22]. Plaintiff then filed the instant petition for attorney's fees. [ECF No. 23].

## II.   DISCUSSION

### A.  Entitlement to Attorney's Fees

A prevailing party is not ordinarily entitled to recover attorney's fees from his or her opponent. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). However, the EAJA explicitly provides that "a court shall award to a *prevailing party* other than the United States fees and other expenses, in addition to any costs[.]" 42 U.S.C. § 2412(d)(1)(A) (emphasis added).

The EAJA empowers the Court to grant "reasonable fees and expenses of attorneys." *McCullough v. Astrue*, No. 08-61954-CIV, 2009 WL 2461798, at *1 (S.D. Fla. Aug. 10, 2009) (quoting 28 U.S.C. § 2412(b)). The Court may award a prevailing plaintiff

attorney's fees and expenses unless the Commissioner can show that the Commissioner's position "was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

The United States Supreme Court has held that a plaintiff who obtains a sentence four remand is a prevailing party for purposes of a fee award. *Shalala v. Schaefer*, 509 U.S. 292, 301, 113 S. Ct. 2625, 2631 (1993) (determining that remand under sentence four of 42 U.S.C. § 405(g) "terminates the litigation with a victory for the plaintiff"); *see also Boronat v. Sullivan*, 788 F. Supp. 557, 559-60 (S.D. Fla. 1992) (finding that remand under sentence four is a final judgment for filing a fee application under EAJA).

Here, because Plaintiff obtained a sentence four remand, Plaintiff is the prevailing party for purposes of the EAJA. *See Shalala,* 509 U.S. at 301; *Boronat,* 788 F. Supp. at 559-60. Further, Defendant does not dispute Plaintiff's request for attorney's fees. Thus, Plaintiff is entitled to receive attorney's fees under the EAJA.

### B. Amount of Attorney's Fees

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424 (1983).

#### 1. Reasonable Hourly Rate

The Eleventh Circuit defines a "reasonable hourly rate" as "the prevailing market rate in the relevant legal community for similar services by attorneys with reasonably

comparable skills, experience, and reputation. *Norman v. Hous. Auth. Of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (*citing Blum v. Stenson*, 465 U.S. 895-96, n.11 (1984)). "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Norman*, 836 F.2d at 1302 (internal citation omitted). The Undersigned may determine a reasonable award based on his own experience. *Id.* at 1303.

The EAJA provides: "[t]he amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 42 U.S.C. § 2412 (d)(2)(A); *see also Meyer v. Sullivan*, 958 F.2d 1029, 1034 (11th Cir. 1992) ("Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA fee awards from inflation").

Here, Plaintiff's attorney asserts that the cost of living has increased since the EAJA was enacted on March 29, 1996, and the acceptable hourly rate should be increased from $125. [ECF No. 23, pp. 2-3]. Plaintiff requests an award of attorney's fees based on the

cost-of-living increase for 2018 and 2019 which are $201.59 and $202.50, respectively.[2] *Id.* at p. 3. Thus, the Undersigned finds the hourly rate reasonable.

### 2. Reasonable Hours Expended

Plaintiff asserts that her attorney expended 36.30 hours litigating her case on her behalf. *Id.* Plaintiff has attached a timesheet documenting her attorney's activities to her Petition. *Id.* at pp. 5-7. The Undersigned has reviewed the hours submitted in Plaintiff's Petition and finds the time expended by Plaintiff's attorney to be reasonable.

### III. CONCLUSION

The Undersigned **respectfully recommends** that the District Court **grant** Plaintiff's motion for attorney's fees and award Plaintiff **$7,348.57** in attorney's fees, contingent upon a determination by the Government that Plaintiff owes no qualifying, preexisting debt(s) to the Government, for which sum let execution issue.

---

[2] The adjusted rates were determined by first calculating the cost-of-living percentage increase by subtracting the March 1996 rate from the Annual Consumer Price Index ("CPI") for 2018 and 2019 and dividing that number by the March 1996 rate. *See Barbee v. Berryhill*, 339 F. Supp. 3d 1262, 1279 n.4 (N.D. Ala. 2018) (internal quotation omitted) ("The cost-of-living percentage increases were calculated by taking the Annual CPI rate for 2015, 2016, and 2017 and subtracting from them the March 1996 rate, which was 155.7 . . . and then dividing that number by the March 1996 rate."). The cost-of-living percentage increase was then applied to the $125 statutory rate to calculate the adjusted hourly rate permitted by the EAJA. *Id.*; *see also* U.S. Bureau of Labor Statistics, CPI-All Urban Consumers (Current Series), http://data.bls.gov/cgi-bin/surveymost?bls (last visited July 29, 2019).

## IV.   OBJECTIONS

The parties will have two days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within two days of the objection.[3] Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, August 9, 2019.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Marcia G. Cooke
All Counsel of Record

---

[3]   The Undersigned is shortening the objections period because Defendant does not oppose Plaintiff's request for attorney's fees.