## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 18-22937-CIV-COOKE/GOODMAN

LUISA CARIDAD GARCIA,

      Plaintiff,

v.

ANDREW M. SAUL,
Commissioner of Social Security,

      Defendant.

_____/

### REPORT AND RECOMMENDATIONS ON PLANTIFF'S
### UNCONTESTED PETITION FOR REASONABLE ATTORNEY'S FEES
### PURSUANT TO 42 U.S.C. § 406(b)

Plaintiff filed an Unopposed Motion for Attorney's Fees under 42 U.S.C. § 406(b). [ECF No. 26]. Defendant did not file a response in opposition to the motion and the time to do so has since passed. United States District Court Judge Marcia G. Cooke referred the motion to the Undersigned. [ECF No. 2]. For the reasons discussed below, the Undersigned **respectfully recommends** that the District Court grant Plaintiff's motion and award Plaintiff **$21,576.50** in attorney's fees with the understanding that the previously-awarded Equal Access to Justice Act ("EAJA") fee in the amount of $7,348.57 will be refunded to Plaintiff by her attorney. [ECF Nos. 25; 26, p. 2; 26-4].

I.      BACKGROUND

Plaintiff initiated this action for judicial review of a final decision of the Commissioner of Social Security on July 20, 2018. [ECF No. 1]. Plaintiff's counsel represented Plaintiff pursuant to a July 12, 2018, contingent-fee agreement whereby Plaintiff agreed to pay counsel twenty-five percent of any past-due benefits awarded by the Commissioner. [ECF Nos. 26, p. 4; 26-2]. On March 21, 2019, Defendant filed an unopposed motion for entry of judgment under sentence four of 42 U.S.C. § 405(g), requesting that the Court enter a judgment with remand to the Commissioner. [ECF No. 21]. Judge Cooke granted the unopposed motion and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g). [ECF No. 22]. Plaintiff then filed an Equal Access to Justice Act ("EAJA") petition for attorney's fees in the amount of $7,348.57 [ECF No. 23], which was granted [ECF No. 25].

On November 2, 2020, the Social Security Administration informed Plaintiff in a Notice that she is "entitled to monthly disability benefits from Social Security beginning December 2015." [ECF No. 26-1]. The Notice states that Plaintiff's past due benefits total $86,306. *Id.* Plaintiff then filed the instant petition for attorney's fees. [ECF No. 26]. The petition states that the previously-awarded EAJA fee for $7,348.57 will be "returned to Plaintiff." [ECF No. 26, p. 2]. By using the term "returned to Plaintiff," the motion actually means that Plaintiff's counsel will refund the amount to Plaintiff.

## II.    DISCUSSION

### A.  Entitlement to Attorney's Fees under 42 U.S.C § 406

Under the Social Security Act, if "a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of [twenty-five] percent of the total past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A). Additionally, an award of fees under § 406(b) is offset by any prior award of attorney's fees granted under the EAJA. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *see also Black v. Culbertson*, 470 F. App'x 737, 739 (11th Cir. 2012) (internal citation omitted) ("If an attorney receives attorney's fee[s] under both the EAJA and section 406(b), he must refund the smaller fee to his client, but 'may choose to effectuate the refund by deducting the amount of an earlier EAJA award from [the] subsequent [section] 406(b) fee request.'").

Furthermore, unless the Commissioner can show that the Commissioner's position "was substantially justified or that special circumstances make an award unjust," the Court may award a prevailing plaintiff attorney's fees and expenses. *See* 28 U.S.C. § 2412(d)(1)(A). Here, Defendant did not file a response in opposition to Plaintiff's motion for fees. [ECF No. 26, p. 3]. Accordingly, Plaintiff is entitled to receive reasonable attorney's fees under 42 U.S.C § 406(b).

3

**B.  Fee Award is Reasonable**

Under the *Gisbrecht* method, the Court must ensure that any 42 U.S.C. § 406(b) request is consistent with the contingency fee agreement between the Plaintiff and his or her attorney, and that the request is within the statutory maximum of 25% of past-due benefits. *See Gisbrecht*, 122 S. Ct. 1822-23. The attorney seeking a fee has the burden to prove that the fee request is reasonable, and then the "courts must look to the agreement made by the parties and independently review whether the resulting fee is reasonable under the circumstances." *Keller v. Comm'r of Soc. Sec.*, 759 F.3d 1282, 1284 (11th Cir. 2014).

In addition to considering the statutory limit of 25%, the Court may look at the terms of the contingency fee agreement, record of hours spent, complexity of the case, and the result of the litigation, to determine the reasonableness of fees. *See Gisbrecht*, 535 U.S. at 808-09; *see generally Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (internal citation omitted) (holding that district courts must "provide concise but clear explanation of its award").

Here, Plaintiff's counsel is seeking 25% of Plaintiff's past due benefits ($86,306), which is $21,576.50. Plaintiff's counsel expended 33 hours of time in this case [ECF No. 26-3]. The case included a 630-page Social Security Transcript [ECF No. 13], and Plaintiff's summary judgment motion [ECF No. 16] was somewhat complex and involved voluminous medical records. Further, similar attorney's fees awards have been found to

4

be reasonable under 42 U.S.C. § 406(b). *See, e.g., Justice v. Comm'r of Soc. Sec.*, No. 17-60633-CIV, 2020 WL 3035231, at *1 (S.D. Fla. June 5, 2020) (finding $16,146.00 to be reasonable); *see also Black*, 470 F. App'x at 739 (finding attorney's § 406(b) fees of $25,769.49 to be reasonable).

Thus, considering the amount of time Plaintiff's counsel devoted to this case and the services performed, the Undersigned finds that the benefits awarded to counsel are within the 25% limit of past-due benefits awarded to the Plaintiff, and are not so "large in comparison to the amount of time counsel spent on the case" such that "a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808.

However, as acknowledged by Plaintiff's counsel in the motion for attorney's fees, an attorney who receives fees under both the EAJA and 42 U.S.C § 406(b) "must refund to the claimant the amount of the smaller fee." [ECF No. 26, p. 5]; *see also Justice*, 2020 WL 3035231, at *1 (citing *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010)). Thus, Plaintiff's counsel shall refund the EAJA amount of $7,348.57 to the Plaintiff upon receipt of the larger fees award under 42 U.S.C § 406(b).

## III.    CONCLUSION

The Undersigned **respectfully recommends** that the District Court **grant** Plaintiff's motion for attorney's fees and award Plaintiff **$21,576.50** in attorney's fees, contingent upon a determination by the Government that Plaintiff owes no qualifying,

preexisting debt(s) to the Government, for which sum let execution issue and requiring Plaintiff's counsel to refund $7,348.57 to Plaintiff.

## IV.    OBJECTIONS

The parties will have two (2) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within two (2) days of the objection.[1] Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, December 21, 2020.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Marcia G. Cooke
All Counsel of Record

_____

[1]    The Undersigned is shortening the objections period because Defendant did not file a response in opposition to Plaintiff's motion.

6